ROBERTS, J.,
dissenting.
The Florida Supreme Court has recently been called upon to construe several aspects of the offer of judgment rule, but it has not issued a decision on this particular issue. In State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1078 (Fla.2006), the Supreme Court, in the context of interpreting rule 1.442(c)(2)(C)-(D),[6] explained that the fundamental purpose behind the requirement of particularity is to eliminate ambiguity so as to allow the offeree to fully evaluate the offer and “ ‘if accepted, the proposal should be capable of execution without the need for judicial interpretation.’ ” Id. at 1079.
We recognize that, given the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree’s decision, the proposal will not satisfy the particularity requirement.

Id.

Plaintiff-appellee’s offer of judgment stated that if accepted, the offer would extinguish all pending punitive damage claims, leaving defendants without any doubt as to the effect of the language. Defendants were unable to articulate how they were harmed by plaintiffs failure to assign an arbitrary numerical value such as zero, or one dollar to the amount offered to settle the punitive damages claim. In the absence of a case expressly mandating the majoritys result, I am disinclined to extend section 768.79(l)(c) and rule 1.442(2)(E) beyond its logical purpose where the offer of judgment satisfied the particularity requirement, was not ambiguous, and allowed the defendants to fully evaluate the proposal and make an informed decision.

. The rule requires that settlement proposals ‘‘state with particularity all nonmonetary terms” and also "state with particularity any relevant conditions.” Fla. R. Civ. P. 1.442(c)(2)(C)-(D). The supreme court considered whether State Farm’s release as in-eluded in its offer of judgment met the particularity requirement, concluding it did not because it was ambiguous whether the release covered a pending uninsured motorist claim. Id. at 1080.